# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                                   CASE NO. 4:97cr36-RH

HERBERT DICKEY,

      Defendant.

_____/

**ORDER ESTABLISHING PROCEDURES ON POSSIBLE**
**SENTENCE REDUCTION UNDER AMENDMENT 706**

Defendant Herbert Dickey appears eligible for a sentence reduction under United States Sentencing Guidelines Amendment 706. This order provides notice of my intention to consider a reduction on my own motion. The order establishes a procedure under which the government must, and Mr. Dickey may, address the issue.

I

The Sentencing Guidelines establish a guideline range for each defendant. The range is based on the defendant's "total offense level" and "criminal history category." The total offense level is based on the defendant's "base offense level" with increases or decreases based on specific offense characteristics. For drug offenses, the base offense level turns on the type and quantity of drugs properly attributed to the defendant. *See* United States Sentencing Guidelines Manual § 2D1.1.

On May 1, 2007, the United States Sentencing Commission adopted Amendment 706. The amendment reduces the crack cocaine base offense level. In most circumstances, the amount of the reduction is two levels. The amendment also provides a mechanism for calculating the base offense level in cases involving both crack and another drug. In most such cases, the result is again a two-level decrease.

Congress did not act to block the amendment. The amendment thus became effective on November 1, 2007. The amendment applies to sentences imposed on or after that date.

II

When the Sentencing Commission adopts an amendment reducing a guidelines range, the Commission has express statutory authority—indeed, it may

even have a statutory duty—to determine whether and under what circumstances courts will be allowed to apply the amendment retroactively to sentences imposed prior to the amendment's effective date.  The statute provides:

> If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.

28 U.S.C. § 994(u).

When the Commission determines that an amendment may be applied retroactively, a court may reduce a sentence, but only under the circumstances and to the extent specified by the Commission.  The court may act on its own motion or on motion of a defendant or the Bureau of Prisons.  The statute that authorizes a sentence reduction provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The "applicable policy statements issued by the Commission," within the meaning of § 3582(c)(2), are set forth in Guidelines § 1B1.10.  As set forth there,

proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant." United States Sentencing Manual § 1B1.10(a)(3). Reductions under § 3582(c)(2) thus may be—and most commonly have been—handled on written submissions, without a hearing.

III

Acting under its § 994(u) authority, on December 11, 2007, the Commission amended Guidelines § 1B1.10 to include Amendment 706 in the list of retroactive amendments. The Commission imposed explicit limitations. First, the Commission set March 3, 2008, as the effective date for retroactivity; courts must not make a reduction effective prior to that date. Second, courts must not make a reduction unless Amendment 706 changes the defendant's guidelines range. Third, the Commission limited the permissible reduction for a defendant serving a sentence within the *original* guidelines range; a court must not reduce such a sentence below the low-end of the *amended* guidelines range. Because the low end of a guidelines range can never be lower than any minimum mandatory sentence, this third limitation confirms what would be clear from the governing statutes anyway: a court must not reduce a sentence below any applicable minimum mandatory.

Unless and until otherwise ordered, I intend to apply these limitations exactly as Congress and the Sentencing Commission imposed them. It is true, of

course, that arguments can be made for a broader or more limited approach. This order is not intended to prejudge these issues. But the burden will be on the party challenging congressional or Sentencing Commission action, and there is no reason to delay consideration of an explicitly authorized reduction while more esoteric legal issues are briefed. By this order I announce my intention to consider on my own motion—without a motion by either side—only a sentence reduction authorized by the terms of the governing statutes and Sentencing Commission actions.

IV

Mr. Dickey was sentenced on March 2, 1998. His total offense level was 37, his criminal history category was II, and his guidelines range thus was 235 to 293 months. The minimum mandatory sentence was 120 months.

Under Amendment 706, Mr. Dickey's recalculated total offense level is 35, his criminal history category remains II, and his amended guidelines range thus is 188 to 235 months. Amendment 706 would allow a reduction of Mr. Dickey's sentence to not less than 188 months.

V

Any reduction is discretionary. In deciding whether and how much to reduce a defendant's sentence (within the limitations set forth above), a court may consider the sentencing factors listed in 18 U.S.C. § 3553(a), the nature and

*Page 6 of 7*

seriousness of the danger that a reduction would pose to any person or the community, and the defendant's post-sentencing conduct.  *See* United States Sentencing Manual § 1B1.10 Commentary note 1(B).

Based on the existing record in this case, including the presentence report, I intend to reduce Mr. Dickey's sentence to 188 months, unless the government or Mr. Dickey shows that I should not do so.  So that any issues may be appropriately resolved,

IT IS ORDERED:

1.  Within 14 days, the government must file a memorandum setting forth its position—or lack of position—on the possible reduction of Mr. Dickey's sentence.  By the same date, the government may file materials in support of its position.  If the government asserts that the presentence report ought not be made available to the Federal Public Defender (for his consideration of whether to accept any appointment as counsel for purposes of Amendment 706 proceedings), the government shall so indicate in its memorandum.

2.  At any time, Mr. Dickey may—but need not—file a memorandum setting forth his position of the possible sentence reduction, together with any supporting materials.

3.  An order reducing Mr. Dickey's sentence to the lowest authorized sentence as calculated in the body of this order may be entered at any time after the

*Case No: 4:97cr36-RH*

deadline for the government's memorandum (that is, after the expiration of 14 days from the date of this order).

    4. If, based on the record and the government's memorandum and supporting materials, it appears that the maximum authorized reduction as calculated in the body of this order may not in fact be authorized or, as a matter of discretion, might not be entered, I will consider appointing an attorney for defendant, may set a deadline for any further response by the defendant, and may establish appropriate additional procedures.

    SO ORDERED this 14th day of February, 2008.

                                                     s/Robert L. Hinkle
                                                     Chief United States District Judge